UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DARYL ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-34-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIKE HUMPHREY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

*Pro se* Plaintiff Daryl Adams has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). [Record No. 17] A district court has the discretion to appoint counsel for an indigent civil litigant pursuant to this statutory section. However, "the appointment of counsel in a civil case is not a constitutional right. *Abdur-Rahman v. MI Dept. of Corrections, et al.*, 65 F.3d 489, 492 (6th Cir. 1995). Further, civil litigants are not entitled to appointment of counsel at the government's expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988) (citing *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir.) *cert. denied,* 449 U.S. 820 (1980)).

Appointment of counsel in civil litigation matters is a privilege that is justified only by exceptional circumstances. . . . This generally involves the determination of the complexity of the factual and legal issues." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (citations omitted) (quotation marks omitted). *See also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (Decision to deny appointment of counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights." (quoting *Caruth v. Pinkney*, 683 F.2d

1044, 1048 (7th Cir.1982)); *see also Hayes v. Wright*, 111 Fed.Appx. 417 - 418, 2004 WL 2203571, **1-**2 (6th Cir.(Tenn.)) (in prisoner action alleging Eighth Amendment medical claim, district court did not abuse its discretion in denying prisoner the appointment of counsel, citing *Lavado v. Keohane* and *Reneer v. Sewell* ). Likewise, federal courts are not entitled to make coercive appointments of counsel to represent indigent litigants. *See Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814 (1989). *See also Knop v. Johnson*, 977 F.2d 996, 1007 (6th Cir. 1992) ("Inmates . . . are not *ipso facto* entitled to legal representation.").

Contrary to the Plaintiff's arguments, it does not appear that the legal or factual issues to be litigated in this case are so complex that counsel should be appointed. Further, the fact that conflicting testimony might be presented does not constitute complexity. Such disputes occur in the majority of cases, including those involving *pro se* plaintiffs. Finally, while the Plaintiff seeking to litigate issues involving alleged improper medical care and treatment, those issues do not alter the Court's analysis. Accordingly, the Court being sufficiently advised, it is hereby

**ORDERED** that the Plaintiff's Motion for the Appointment of Counsel [Record No. 17] is **DENIED**.

This 21st day of February, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge